CHRISTIAN, J.,
delivered the opinion of the court. — It is contended here by the counsel for the prisoner, that after the testimony had been fully heard in the court below, and the case fully argued and submitted to the jury, without any instructions being asked either by the commonwealth or the prisoner, and the jury had retired, the court had no right to give any instructions upon the law of the case, unless asked for by the jury, and then only to the extent thus asked for. This court, however, after having deliberately weighed all the argumentsof counsel against this power thus exercised, has come to the conclusion that in this there was no error of law. This court thinks it is the right and the duty of a judge sitting in a criminal trial, to instruct the jury as to the law, if he think it proper so to instruct them, and that there is no law prescribing any particular time at which such instructions shall be given.
We will now consider the.instructions themselves, or such of them as we have deemed it necessary to consider in arriving at the conclusion to which the court has come. The jury found the prisoner guilty of murder in the second degree. It is the second branch of the instructions, in which the court has laid down what it considered to be the law in regard to what constitutes murder in the second degree, and what would warrant the jury in finding the prisoner guilty of murder in the second degree, in giving which, it is contended by the counsel for the prisoner, the court erred. The instruction is clothed in some ambiguity, and there is some difficulty in putting a proper interpretation upon it; but so far as it is necessary to consider it in reference to the question we mean to decide, we consider the substance of the instruction to be this : If you believe the prisoner ^committed the homicide, and that he was not so drunk or so insane as that his drunkenness or insanity should exempt him from the inference of malice, which otherwise would be “implied by law from the character and circumstances of the act,” you should find him guilty of murder in the second degree.
In the first place, it may be asked if this instruction does not preclude the jury entirely from enquiry into “the character and circumstances of the act,” from which the law does *239 imply malice? under this instruction, was not the jury bound to find the prisoner guilty, without enquiry into any other “character and circumstances of the act,” except to ascertain whether, under the law as propounded by the court, the drunkenness or insanity of the prisoner were such as to excuse the malice? A majority of this court so thinks. But suppose it could be shewn that this is not so, and that the jury had nothing to do with ascertaining the facts and circumstances from which the law implies malice; still we think it must be conceded that the prisoner -ought to have been allowed to shew, if he could, that the killing was by accident or in selfdefence; all of which, it seems to the court, he was precluded from shewing, by the instruction of the court below. According to that instruction, if the jury were satisfied that the prisoner committed the homicide, and that there was nothing either of drunkenness or insanity to excuse him, they were to find him guilty of murder in the second degree. It is asked, find him guilty upon what? But one answer can be given — find him guilty upon the testimony in the cause. If this be so, then the court has undertaken to instruct the jury as to the sufficiency and the weight of the testimony, which we think it had no right to do, that being the exclusive province of the jury.
A majority of the court thinks that , the court below erred in giving this instruction, and that it is error for which the judgment should be reversed. And as the judgment is to be reversed for this error, we deem it prudent at this time not to decide any other points which have been raised and argued upon the other branches of the instructions of the judge below ; some of them being, in the opinion of the court, both novel and important.
JUDGES LEIGH, BROWN, DUNCAN and ERY dissent from so much of the opinion of the court as determines that there was error in the second branch of the instructions which the circuit court gave to the jury.
□ Judgment reversed, verdict set aside, and cause remanded fur a new trial.